Nathan Anderson
Barber & Borg, LLC
Arizona State Bar no.: 029448
Attorneys for the Plaintiffs
P.O. Box 30745
Albuquerque, New Mexico 87190-0745
505-884-0004
nathan@barberborg.com

Scott E. Borg
Barber & Borg, LLC
P.O. Box 30745
Albuquerque, New Mexico 87190-0745
505-884-0004
scott@barberborg.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

STEVE TRUJILLO, JR., and
BARBARA KLEIN,

    Plaintiffs,

vs.                                         No._____

THE UNITED STATES OF AMERICA,

    Defendant.

**COMPLAINT UNDER THE FEDERAL TORT CLAIMS ACT FOR INJURY DUE TO MEDICAL NEGLIGENCE AND LOSS OF CONSORTIUM**

    Plaintiffs, Steve Trujillo, Jr., and Barbara Klein aver for their complaint the following:

    1.    Plaintiff Steve Trujillo, Jr., is a resident of the Navajo Indian Reservation in Round Rock, Arizona.

    2.    Plaintiff Barbara Klein, is Steve Trujillo's spouse and is also a resident of the Navajo Indian reservation in Round Rock, Arizona. She is married to Mr. Trujillo

under the laws of the Navajo Nation.

3.	Plaintiffs bring this civil action for compensatory damages arising from the negligence of employees/personnel at the Chinle Comprehensive Health Care Facility ("CCHCF") located in Chinle, Arizona, a facility operated by the United States through the Department of Health and Human Services and the Indian Health service.

**JURISDICTION AND VENUE UNDER THE FEDERAL TORT CLAIMS ACT**

4.	Plaintiffs' claim in this action is authorized by and is brought pursuant to the provisions of the Federal Tort Claims Act (FTCA), 28 U.S.C. §1346(b) and 28 U.S.C. §2671, *et seq.*, and also pursuant to 28 U.S.C. §1331.

5.	Federal statutes, including the FTCA, vest this court with exclusive jurisdiction over plaintiff's claims in this case.

6.	The FTCA makes the United States liable for the negligent acts and omissions of federal "employees."

7.	Federal employees include, but are not limited to, employees of the Indian Health Service and the CCHCF.

8.	At all times material to this case defendant United States controlled, owned, and operated CCHCF.

9.	CCHCF provides medical care to Native Americans who are members of recognized tribes pursuant to various federal statutes and other law.

10.	At all times material to this case defendant United States, acting through the Indian Health Service, held itself out to have the ability to provide medical care to members of the Navajo Nation and plaintiff at its CCHCF, including the ability to

address plaintiff's medical health problems.

11. Plaintiffs, through legal counsel, presented to the Department of Health and Human Services in November, 2015, a timely administrative claim under the FTCA alleging negligence by federal employees at CCHCF in the provision of medical care to plaintiff. (Exhibit 1).

12. As contemplated by statute, defendant has had more than six months to investigate plaintiff's claim and to attempt settlement with plaintiffs.

13. By statute, a claim presented under the FTCA is deemed denied by the United States six months after it is presented, and plaintiffs are then authorized to file a lawsuit against the United States.

14. Despite plaintiffs providing defendant with all documentation requested, defendant has not attempted to settle with plaintiffs and has not denied their claim.

15. Plaintiffs have now exhausted their administrative remedies as required by the FTCA.

16. Plaintiffs are authorized by statute to file this action in the United States District Court for the District of Arizona.

17. At all material times, plaintiffs were tribal members of the Navajo Nation and at all material times resided in or near Rough Rock, Arizona.

18. Venus is proper in this district under 28 U.S.C. §1402(b).

**FACTUAL BACKGROUND**

19. On April 10, 2015, plaintiff Steve Trujillo, Jr., went to CCHCF with a complaint of pain to his right great toe.

20. Physician Assistant Lancelot D. Lewis examined plaintiff Trujillo's toe and noted it to be warm to the touch and tender to palpitation over the medial aspect around the edge of the nail with slight redness throughout. Plaintiff Trujillo was unable to bear weight on his foot/toe.

21. PA Lewis obtained verbal consent from plaintiff Trujillo to remove his toenail. The procedure PA Lewis performed was an avulsion and complete removal of right great toenail. PA Lewis was assisted by Mark Bushhouse, a 18D student Medic[1].

22. After the procedure, PA Lewis cleaned the surgical area with normal saline and applied a sterile dressing. PA Lewis noted "no misadventures" at the conclusion of the procedure and indicated that the patient "tolerated procedure well." Plaintiff Trujillo was provided with wound care instructions and supplies to take home. Plaintiff Trujillo was not prescribed any antibiotics and was not scheduled with any follow-up appointments. He was discharged only with Ibuprofen for pain.

23. On April 15, 2015, plaintiff Trujillo returned to the CCHCF Urgent Care and was seen by physician assistant Katherine King. Plaintiff Trujillo complained of pain, swelling, and redness of his right great toe. Plaintiff Trujillo's toe had begun to get red and swollen with increased pain and redness and swelling that extended into his right foot.

---

[1] The phrase "18D student Medic" is derived directly from the medical records. It is unclear what a "18D student Medic" is or what qualifications Mr. Bushhouse may have possessed at the time of the incident that is the subject of this lawsuit.

24. During the April 15, 2015, visit, PA Katherine King noted that plaintiff Trujillo was a "...known DMII." [Diabetic Mellitus Type II]. PA King's examination noted pus under the skin of plaintiff Trujillo's toe and that the area was very tender to palpation. Plaintiff Trujillo could not bear weight and his increased pain created a visible change to his gait.

25. PA King consulted with the on-call physician in Podiatry and it was recommended that plaintiff Trujillo be admitted for treatment with IV antibiotics. Plaintiff Trujillo was assessed with a diagnosis of cellulitis with a secondary diagnosis of diabetes mellitus.

26. On April 16, 2015, plaintiff Trujillo underwent his first surgery; an incision and drainage with debridement of his right toe due to a secondary diagnosis of an abscess and osteomyelitis.

27. On April 19, 2015, plaintiff Trujillo underwent a second surgery; a debridement surgery of his right toe. During this surgery, plaintiff Trujillo's right toe [hallux] was amputated due to infection and necrosis [black, dead tissue] of the right toe and forefoot.

28. On April 21, 2015, plaintiff Trujillo underwent a third surgery; a transmetatarsal amputation of his right foot in which his remaining toes were removed along with malodorous, necrotic tissue.

29. On April 23, 2015, plaintiff Trujillo underwent a fourth surgery; a debridement procedure of the right foot where multiple layers of necrotic tissue were removed.

30. On April 24, 2015, plaintiff Trujillo underwent a fifth surgery; a debridement procedure of the right foot where more layers of necrotic tissue were removed.

31. On April 28, 2015, plaintiff Trujillo underwent a sixth surgery; a debridement procedure of the right foot where more layers of necrotic tissue were removed.

32. On April 30, 2015, plaintiff Trujillo underwent a seventh surgery; a revision transmetatarsal amputation right foot. This procedure removed even more of plaintiff Trujillo's right foot.

33. Once the surgeon was comfortable with plaintiff Trujillo's infection being under control and Mr. Trujillo had largely recovered enough from seven surgeries, plaintiff Trujillo was discharged and transported by air flight to a post acute care and rehabilitation hospital in Phoenix for in-patient, intensive rehabilitation.

**CAUSE OF ACTION - DUTY, NEGLIGENCE, AND CAUSATION**

34. Plaintiffs repeat the averments stated in the preceding paragraphs and incorporate them by reference as part of their first count of negligence.

35. The United States is legally responsible for the negligent actions of its CCHCF staff, including employees of CCHCF, while those employees are performing job duties for the employer or engaged in furtherance of the interests of the employer.

36. The involved staff who participated in the medical care of plaintiff Trujillo, specifically, but not limited to, PA Lancelot D. Lewis, at CCHCF were employees of the Indian Health Service at all pertinent times as to plaintiff Trujillo's health care.

37. Those employees were on the job performing job-related duties for CCHCF at the time they were engaged in providing healthcare to plaintiff Trujillo.

38. If any negligent CCHCF staff were not actual employees of the Indian Health Service at the time of the incident, they may have been contract employees whose contracts with the defendant provide that the defendant is liable under the Federal Tort claims Act for their negligence.

39. If any negligent CCHCF staff was not an actual employee of the Indian Health Service at the time of the incident, they may have been contract employees whose own or their employers' contracts with the defendant may be deemed by statute or federal regulation to make the defendant liable under the Federal Tort Claims Act for their negligence.

40. If any negligent CCHCF staff were not an actual employee of the Indian Health Service at the time of the incident, and the preceding paragraphs 19-33 do not apply, they may have been contract employees for whom the defendant is vicariously liable under the Federal Tort Claims Act pursuant to the doctrines of law such as agency and *respondeat superior*.

41. Defendant had a duty to exercise reasonable care in the diagnosis and treatment of plaintiff Steve Trujillo, Jr., and to possess and use the degree of skill and learning ordinarily used in the same or similar circumstances by members of their professions in the provision of healthcare.

42. The involved staff breached the duty of reasonable care owed to Mr. Trujillo and are guilty of the following negligent actions and omissions by failing to

measure up to the applicable standards of care, skill, and practice required of members of their professions, to wit:

a. Failure to seek out guidance, consultation, or advice of a physician and/or podiatrist prior to commencing an invasive procedure that more likely than not involved an infectious disease process occurring in a known diabetic;

b. Failure to x-ray plaintiff Trujillo to assist in providing a differential diagnosis;

c. Failure to obtain plaintiff Trujillo's glucose levels prior to commencing an invasive procedure in a known diabetic;

d. Failure to administer antibiotics;

e. Failure to obtain informed, written consent prior to commencing an invasive procedure;

f. Failure to culture any exudate or other bodily fluids during the avulsion/nail removal procedure for laboratory diagnosis and follow-up;

g. Failure to follow policies and procedures of the facility when performing an invasive procedure on a known diabetic; and,

h. negligently and carelessly failing to measure up to the requisite standards of care and skill required and observed in the field of medicine and emergency medical care provided by a physician's assistant, and related fields while performing or engaged in surgery, and in further particulars that, at this time, are not known to plaintiffs as to the specific facts, but which are believed and hereby alleged will be disclosed during discovery and in the course of the litigation.

8

43. The negligent actions and omissions of the CCHCF staff, specifically, but not limited to, PA Lancelot D. Lewis, in his treatment of plaintiff Trujillo were actions and omission for which the United States would be liable to plaintiffs for negligence under the laws of the State of Arizona, the place where the incident occurred, if the United States were a private individual at fault for the same negligence.

44. At all times material hereto, plaintiff Trujillo was a patient of the Indian Health Services, an agency of the United States Department of Health & Human Services, and was in the care and custody of CCHCF and involved staff, completely dependent upon the government, the hospital, and the hospital staff for his medical care.

45. Defendant United States, acting through its employees, negligently failed to provide appropriate, reasonable, and required medical care to plaintiff Trujillo, which gives rise to a negligence cause of action against defendant, as laid out herein.

46. As a direct and approximate result of the negligence of defendant United States and its employees, and the staff at CCHCF; in particular, PA Lancelot D. Lewis, plaintiff Trujillo has endured seven separate surgeries, pain and suffering, past and future medical costs, permanent mobility impairment, permanent disfigurement, past and future financial losses, impairment to his activities of daily living, and such other injuries and damages that will be proven at the trial of this matter.

47. As a direct and proximate result of the negligence of defendant and the resultant injuries to plaintiff Trujillo, plaintiff Klein was deprived of her spouse's society, services, and consortium which damaged and interfered with her and Mr. Trujillo's

marital relationship.

## DAMAGES

48. Under the FTCA and the law of the place of the wrong, the State of Arizona, plaintiff Trujillo is entitled to compensatory damages for his losses, both special and general, non-medical expenses incurred, and loss of value of household services. Plaintiff Klein is entitled to damages for her loss of consortium. Defendant United States is liable to plaintiffs for their losses and plaintiffs hereby claim a right to recover all allowable damages recognized by Arizona, whether specifically mentioned herein or not.

## CONCLUSION

**WHEREFORE,** plaintiffs pray for the court to enter judgment for plaintiff Trujillo and, also separately, on behalf of plaintiff Klein for her loss of consortium, and to order that they be compensated for all losses allowed or recognized by law, for an award of allowable costs, and for such other relief as recognized under the laws and rules that govern this case.

Respectfully submitted,

*/s/Nathan S. Anderson*
Barber & Borg, LLC
Attorneys for the Plaintiffs
P.O. Box 30745
Albuquerque, New Mexico  87190-0745
505-884-0004
nathan@barberborg.com


*/s/Scott E. Borg*_____
Barber & Borg, LLC
Attorneys for the Plaintiffs
P.O. Box 30745
Albuquerque, New Mexico  87190-0745

505-884-0004
scott@barberborg.com