**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Steve Trujillo, Jr., et al., | No. CV-16-08205-PCT-DLR |
| Plaintiffs, | **ORDER** |
| v. | |
| United States of America, | |
| Defendant. | |

In April 2015, Plaintiff Steven Trujillo, Jr., a resident of the Navajo Indian Reservation, received care for an ingrown toenail at the Chinle Comprehensive Health Care Facility ("CCHCF"), a facility operated by Defendant the United States of America. Plaintiff received care from Physician Assistant ("PA") Lancelot Lewis, who directed an army medical specialist trainee to remove Plaintiff's ingrown toenail. Plaintiff returned to CCHCF several days later with pain and swelling in the same toe. The treating doctor determined that Plaintiff had an infection that required several surgical procedures, ultimately leading Plaintiff to lose about half of his right foot. Plaintiff thereafter brought this medical malpractice action under the Federal Tort Claims Act ("FTCA"). At issue are Defendant's Motion for Summary Judgment (Doc. 75), and Plaintiff's Motion for Partial Summary Judgment (Doc. 77), which are fully briefed. For the following reasons, Defendant's motion is granted and Plaintiff's motion is denied.[1]

---

[1] In his response to Defendant's motion for summary judgment, Plaintiff moves to

## I. Legal Standard

Summary judgment is appropriate when there is no genuine dispute as to any material fact and, viewing those facts in a light most favorable to the nonmoving party, the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Summary judgment may also be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is material if it might affect the outcome of the case, and a dispute is genuine if a reasonable jury could find for the nonmoving party based on the competing evidence. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. The burden then shifts to the non-movant to establish the existence of material factual issues that "can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250. When parties submit cross-motions for summary judgment, the Court reviews "each motion on its own merits" and "consider[s] each party's evidentiary showing, regardless of which motion the evidence was tendered under." *Oakley, Inc. v. Nike, Inc.*, 988 F. Supp. 2d 1130, 1134 (C.D. Cal. 2013) (citing *Fair Hous. Council of Riverside Cty., Inc. v. Riverside Two*, 249 F.3d 1132, 1136 (9th Cir. 2001)).

## II. Discussion

Under the FTCA, a plaintiff may bring a claim in federal court against the United States:

---

strike certain expert reports submitted by Defendant in support if its motion. (Doc. 83 at 14-15.) Plaintiff's motion to strike is denied because materials are not properly stricken simply because they are subject to admissibility objections. LRCiv 7.2(m) reserves motions to strike for filings that are unauthorized by statute, rule, or court order, and distinguishes between motions to strike and mere objections to the admissibility of evidence. The Court therefore has considered Plaintiff's admissibility objections, but will not strike the reports from the docket.

> for injury or loss of property, or personal injury . . . caused by the negligent . . . act or omission of any employee of the Government while acting within the scope of his office or employment, under the circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b). Here, Arizona law governs Defendant's liability because Plaintiff received his medical care in Arizona. *See Mundt v. United States,* 611 F.2d 1257, 1259 (9th Cir. 1980).

In Arizona, medical malpractice claims are governed by statute. To succeed on a medical malpractice claim, a claimant must establish that: (1) "the health care provider failed to exercise that degree of care, skill and learning expected of a reasonable, prudent health care provider in the profession or class to which he belongs within the state" and (2) that "[s]uch failure was a proximate cause of the injury." A.R.S. § 12-563. Additionally, "[u]nless malpractice is grossly apparent, the standard of care must be established by expert medical testimony."[2] *Rasor v. Northwest Hosp., LLC*, 403 P.3d 572, 575 (Ariz. 2017).

Likewise, the requisite expert witness qualifications are governed by statute:

> A. In an action alleging medical malpractice, a person shall not give expert testimony on the appropriate standard of practice or care unless the person is licensed as a health professional in this state or another state and the person meets the following criteria:
>
> 1. If the party against whom or on whose behalf the testimony is offered is or claims to be a specialist, specializes at the time of the occurrence that is the basis for the action in the same specialty or claimed specialty as the party against whom or on whose behalf the testimony is offered. If the party against whom or on whose behalf the testimony is offered is or claims to be a specialist who is board certified, the expert witness shall be a specialist who is board certified in that specialty or claimed specialty.
>
> 2. During the year immediately preceding the occurrence giving rise to the lawsuit, devoted a majority of the person's professional time to either or both of the following:

---

[2] This case does not involve malpractice that is so grossly apparent that expert medical testimony is not needed.

- 3 -

> (a) The active clinical practice of the same health profession as the defendant and, if the defendant is or claims to be a specialist, in the same specialty or claimed specialty.
>
> (b) The instruction of students in an accredited health professional school or accredited residency or clinical research program in the same health profession as the defendant and, if the defendant is or claims to be a specialist, in an accredited health professional school or accredited residency or clinical research program in the same specialty or claimed specialty.

A.R.S. § 12-2604.

Defendant argues that it is entitled to summary judgment because Plaintiff cannot establish an essential element of his claim: breach of the standard of care. Specifically, Defendant argues that Plaintiff's medical malpractice claim centers on the care he received from Lewis, and neither of his medical expert witnesses, Drs. Irving Posalski and Warren Watson, are qualified to opine on the standard of care applicable to PAs.[3] In his cross-motion, Plaintiff moves for partial summary judgment on the issues of liability and fault. Defendant's opposition to Plaintiff's motion for partial summary judgement is based in substantial part on its contention that Plaintiff's expert witnesses are not qualified to opine on the relevant standard of care. Thus, whether Plaintiff's medical experts are qualified to opine on the standard of care applicable to PAs is an issue that bears on the disposition of both motions. The Court concludes that Drs. Posalski and Watson are not qualified to opine on the relevant standard of care and, consequently, an in-depth discussion of Plaintiff's cross-motion for partial summary judgment and of the purported factual disputes touching on the manner in which Plaintiff was treated largely is unnecessary.

Dr. Watson is a board certified podiatrist. Dr. Posalski is an infectious diseases expert. Each of these experts submitted a report opining on whether the treatment Plaintiff received from Lewis comported with the relevant standard of care. In the year preceding Plaintiff's treatment at CCHCF, neither Dr. Watson nor Dr. Posalski actively

---

[3] Defendant also moved for summary judgment on Plaintiff Barbara Klein's loss of consortium claim, but in response Klein withdrew her claim. (Docs. 75 at 9; 83 at 1.) Accordingly, the Court will not address this issue further.

- 4 -

practiced as a PA, nor did they teach PA students at an accredited health professional school. (Doc. 76-3 at 65, 69.) Accordingly, neither is qualified to opine on the standard of care applicable to PAs.[4]

Plaintiff argues that Drs. Posalski and Watson are qualified to opine on the standard of care for PAs because Dr. Posalski worked and consulted with PAs frequently and Dr. Watson is familiar with the standard of care for a PA. (Doc. 83 at 5-7.) In support, however, Plaintiff unpersuasively relies on several Arizona cases that were decided prior to the enactment of the medical malpractice expert witness statute. (*Id.* at 8-10.) The statutory requirements, and Arizona case law interpreting them, now control.

Plaintiff also argues that his experts should not be precluded from testifying simply because Lewis has a different professional license than they do. For support, Plaintiff misplaces his reliance on *Cornerstone Hospital v. Marner*, 290 P.3d 460, 473 (Ariz. Ct. App. 2012). In that case, the court determined that a Registered Nurse ("RN") could opine on the standard of care of applicable to a Licensed Practical Nurse ("LPN") and a Certified Nurse Assistant ("CNA") because the licensing statutes for RNs, LPNs, and CNAs "placed the RN as the highest qualification level among nursing professionals." *Id.* at 471. Thus, "the distinctions between an RN, an LPN, and a CNA," did not make them separate specialties or health professions; "[t]hey merely reflect varying levels of education, experience, and, consequently, expertise in the broad health profession of nursing." *Id.* at 471-72.

A PA, however, belongs to a different health profession than a physician. *See M.M. v. Yuma County,* No. 2:07-cv-01270 JWS, 2011 WL 5974615, at *3-4 (D. Ariz. Nov. 29, 2011) (concluding that a physician "is not a licensed [PA] and therefore is not qualified to testify as to the appropriate standard of care" for a PA). Under Arizona law, PAs are classified under the health profession of "primary care practitioner[s]," while doctors are classified under the health profession of "physicians" and "primary care

---

[4] It is unnecessary to determine whether Dr. Watson or Dr. Posalski are specialists or generalists under A.R.S. § 12-2604(A)(1) because they are not qualified under subsection (A)(2). *See Rasor,* 403 P.3d at 578.

- 5 -

physicians." A.R.S. § 36-2901(12), (14), (15); *see Atencio v. Arpaio,* No. CV-12-02376-PHX-PGR, 2015 WL 11117187, at *4 (D. Ariz. Jan. 15, 2015). Accordingly, the difference between a PA and a podiatrist or infectious disease expert is not merely a varying level of expertise in the same health profession. Rather, Lewis practices in a different health profession than Drs. Watson and Posalski. Plaintiff's experts therefore are not qualified to opine on the relevant standard of care and, as a result, Plaintiff cannot carry his burden to prove a breach of that standard.

Section 12-2603(F) contains a cure provision that affords a plaintiff an opportunity to produce a substitute expert if his expert is found to be unqualified. To qualify for such relief, however, "the plaintiff [must] file a Rule 56(d) affidavit and corresponding motion for relief." *Rasor,* 403 P.3d at 577. "[I]n the absence of proceeding under Rule 56(d), a plaintiff's failure to provide a qualified standard-of-care expert would justify summary judgment for the defense." *Id.* at 578. Here, Plaintiff did not file a Rule 56(d) affidavit or a corresponding motion for relief. Thus, he is not entitled to substitute his standard of care experts this close to trial. Defendant is entitled to summary judgment.

## III. Conclusion

Plaintiff designated experts, Drs. Watson and Posalski, opine on whether Lewis' treatment comported with the applicable standard of care. These medical experts are not qualified to opine on the standard of care applicable to a PA, however, and Plaintiff did not file a Rule 56(d) motion seeking to substitute a qualified expert. Therefore,

**IT IS ORDERED** that:

1. Plaintiff's motion for partial summary judgment (Doc. 77) is **DENIED**.

//
//
//
//
//
//

2. Defendant's motion for summary judgment (Doc.75) is **GRANTED**. The Clerk shall enter judgment in favor of Defendant and against Plaintiffs on all claims.

Dated this 10th day of April, 2018.

_Douglas L. Rayes_
Douglas L. Rayes
United States District Judge